ANDROSCOGGIN FOUNDRY COMPANY
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Kennebec.    Opinion, April 14, 1952.

*Locke, Campbell, Reid & Hebert,* for plaintiff.

*Alexander A. LaFleur, Attorney General,*
*Boyd Bailey, Assistant Attorney General,*
*Miles P. Frye, Assistant Attorney General,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J.    On report.    This case is an appeal to the Superior Court for the County of Kennebec from a decision of Ernest H. Johnson, state tax assessor, declining to abate taxes.    The assessor levied a use tax upon certain coke,

molding sand, refractories, fire clay, steel shot and grit, oil burned to heat core ovens, oil burned to heat enameling ovens, crucibles and snagging wheels, all of which were purchased by the appellant for use in its business of conducting an iron foundry. Proper procedure was followed to obtain a reconsideration and abatement of the assessment in question by the assessor and to bring the case before the Superior Court on appeal. See P. L., 1951, Chap. 250, Secs. 29 and 30.

In the Superior Court this case was reported to this court for final determination. By the terms of the report it is agreed that there is only one issue and that is, "Is the purchase by the appellant, the taxpayer, of coke, molding sand, refractories, fire clay, steel shot and grit, oil burned to heat core ovens, oil burned to heat enameling ovens, crucibles and snagging wheels a purchase of 'tangible personal property which becomes an ingredient or component part of, or which is consumed or destroyed or loses its identity in the manufacture of, tangible personal property for later sale by the purchaser . . .' within the meaning of the fourth sentence of the definition of 'retail sale,' or 'sale at retail,' Section 2, Chapter 250, P. L., 1951?"

By Chapter 250 of the Public Laws of 1951 the legislature enacted Chapter 14-A of the Revised Statutes known as the "Sales and Use Tax Law," hereinafter called the Act. In assessing the taxes involved herein, the assessor purported to do so under authority of the Act.

This case is a companion case to *Hudson Pulp and Paper Corporation* v. *Ernest H. Johnson, State Tax Assessor* (147 Me. 444), the two cases having been heard together in this court and the decision in the latter case being filed simultaneously herewith.

All of the before mentioned personal property was purchased by the appellant for use in its business of conduct-

ing a foundry. All of it will be consumed or destroyed within the meaning of those terms as used in Section 2 of the Act as interpreted by this court in the *Hudson Pulp and Paper Corporation* case. No useful purpose would be served by a discussion of the specific use and length of life of *molding sand, refractories, fire clay, steel shot and grit, crucibles and snagging wheels*. All of these articles of tangible personal property are expendibles and have a relatively short use life in the foundry business. As all of these items of property will be consumed or destroyed in the manufacture of personal property for later sale by the purchaser, the purchase of none of these articles is a purchase at "retail sale" within the meaning of the Act as interpreted by us in the *Hudson Pulp and Paper Corporation* case, *supra*. The appellant is not subject to a use tax with respect to any of these items. None of them were taxable within the meaning of the stipulation and the use taxes assessed with respect to their purchase must be abated.

The purchases of coke, oil burned to heat core ovens and oil burned to heat enameling ovens by the ultimate consumer are purchases at "retail sale" within the meaning of Section 2 of the Act. The definition of "retail sale" or "sale at retail" contained in Section 2 of the Act so far as pertinent to the present inquiry is as follows:

> " 'Retail sale' or 'sale at retail' means any sale of tangible personal property in the ordinary course of business, for consumption or use, or for any purpose other than for resale in the form of tangible personal property. * * * * * *Retail sale* and *sale at retail* do not include the sale of tangible personal property which becomes an ingredient or component part of, or which is consumed or destroyed or loses its identity in the manufacture of, tangible personal property for later sale by the purchaser, *but shall include fuel and electricity*."
> (Emphasis ours.)

From a consideration of the foregoing definition of "retail sale" and "sale at retail" and the exclusions therefrom, it is seen that purchases of fuel by the ultimate consumer are specifically included within the definition of "retail sale" and "sale at retail" as used in the Act. This is true notwithstanding the fact that the fuel, when used as such, becomes "an ingredient or component part of," or is "consumed or destroyed or loses its identity in the manufacture of, tangible personal property for later sale by the purchaser."

The oil used as fuel for heating core ovens and for enameling ovens was subject to the tax as assessed and the assessment should stand as laid.

In the *Hudson* case, *supra,* we said concerning the coke, "in the process of smelting iron for casting, in which process coke is used for fuel, a portion of the carbon of which the coke is composed enters into and becomes an ingredient of the cast iron." The agreed statement contains the following stipulation:

> *"Coke.* Coke is 86%, more or less, carbon. The balance of it is ash. Foundries use a special brand of coke which contains a minimum of ash. The first function of coke is to provide heat which changes the metal used, such as scrap iron, from a solid to a liquid. The purpose of making this change is to pour the liquid into a mold where it will take a new shape. The second function of the coke is to add carbon to the iron which makes the iron softer and more machineable. In its second function, adding carbon, the coke becomes an ingredient of the ultimate product, and therefore, exempt. The State now exempts coke to the extent of 50%. The issue between us is whether the coke in its function of melting iron is taxable. Granted the premise that coke is taxable in that function, there is no unfairness in selecting the figure 50%."

Although in the submission of this case it is stated the only question before us is whether or not the coke in its function of melting iron is taxable, Section 2 of the Act makes all coke which is a fuel taxable. The fact that in smelting iron a portion of the fuel becomes an ingredient of the end product does not change this result. Fuel is "any matter used to produce heat or power by burning." Webster's New International Dictionary, Second Edition, Unabridged. Fuel is "combustible matter used to kindle or sustain fire or produce heat, as oil, wood, etc." Standard Dictionary. Coke used in smelting iron is certainly fuel. The fact that in using it as fuel in smelting iron a portion of the carbon of which it is composed becomes an ingredient of the iron in process does not deprive the coke of its character as fuel. Under Section 2 of the Act, its purchase by the ultimate consumer is at "retail sale" and this is true whether the coke, used as fuel, becomes either in whole or in part "an ingredient or component part of, or is consumed or destroyed or loses its identity in the manufacture of, tangible personal property for later sale by the purchaser." The clause in Section 2, above quoted, specifically included the purchase of fuel by the ultimate consumer in the definition of the words "retail sale" and "sale at retail" as used in the Act. Such inclusion is without limitation. The coke in question being a fuel and having been purchased at "retail sale" is subject to a use tax. It is not exempt from the tax by Section 10, subparagraphs VII and VII-A which contain the exemptions with respect to fuels. The tax assessed upon the coke should be assessed at 2% of its purchase price.

The appeal to the Superior Court must be sustained but, as stipulated, without costs. The tax on the molding sand, refractories, fire clay, steel shot and grit, crucibles and snagging wheels must be abated. The tax on the coke should be assessed on its full purchase price. The tax as assessed on

the oil used for fuel in the core ovens and enameling ovens must be sustained as assessed. The case must be remanded to the Superior Court for a decree in accordance with this opinion.

The entry will be

> *Appeal to the Superior Court sustained without costs.*
>
> *Case remanded to Superior Court for decree in accordance with opinion.*